# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SUKNAICH, | CASE NO. 1:12-cv-01414-SKO PC |
| Plaintiff, | ORDER DISMISSING TITLE 15 CLAIM AND DEFENDANTS CDCR AND PVSP WITH PREJUDICE, AND DISMISSING NEGLIGENCE AND MEDICAL CARE CLAIMS WITH LEAVE TO AMEND |
| v. | |
| C. LOZANO, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | THIRTY-DAY DEADLINE |

## First Screening Order

### I.    Screening Requirement and Standard

Plaintiff James Suknaich is a state prisoner proceeding pro se in this civil action.  Defendants Lozano and Brazleton removed this action from Fresno County Superior Court on August 27, 2012.  28 U.S.C. § 1441(b).  The parties consented to Magistrate Judge jurisdiction.  28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  <u>Iqbal</u>, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121-23 (9th Cir. 2012); <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678 (quotation marks omitted); <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

**II.   Discussion**

   **A.   Allegations**

Plaintiff, who is incarcerated at Pleasant Valley State Prison (PVSP), seeks redress for the violation of his rights under federal and state law, arising out of an incident in which Plaintiff was attacked by another inmate and seriously injured.

Plaintiff first alleges a violation of Sections 3270 and 3271 of the California Code of Regulations, which mandate inmate safety.  Plaintiff alleges that staff failed to provide him with adequate security as mandated by the regulations and he was attacked as a result.

Plaintiff next alleges that there was a verbal confrontation between inmate Wolfbrandt and Defendant Lozano during which Wolfbrandt threatened to harm someone if he was not taken off the yard.  Defendant Lozano told him to go ahead and walked away smiling.  Plaintiff was subsequently brutally attacked.  Plaintiff alleges that Defendant Lozano failed to follow proper procedure by logging Wolfbrandt's conduct and threat, and Lozano's negligence contributed to Plaintiff's injuries.
///

1    Finally, Plaintiff alleges that following the attack, his life-threatening injuries were not

2  treated with the requisite standard governing professional ethics, which constituted deliberate

3  indifference.

4    **B.    Claims**

5        **1.    Violation of Title 15 Regulations**

6    Plaintiff seeks to impose liability based on the violation of Title 15 prison regulations.

7  However, the Court is unaware of any authority for the proposition that there exists a private right

8  of action available to Plaintiff for violation of Title 15 regulations and to the contrary, numerous

9  district court have held that no private right of action exists.  E.g., Vasquez v. Tate, No. 1:10-cv-

10  1876 JLT (PC), 2012 WL 6738167, at *9 (E. D. Cal. Dec. 28, 2012); Davis v. Powell, __ F.Supp.2d

11  __, __, No. 10cv1891-CAB (RBB), 2012 WL 4754688, at *9 (S.D. Cal. Oct. 4, 2012); Meredith v.

12  Overley, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra

13  v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis

14  v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3,

15  2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).  Therefore, Plaintiff's Title 15 claim shall

16  be dismissed, with prejudice, for failure to state a claim.

17        **2.    Negligence**

18    "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to

19  conform to a certain standard of conduct for the protection of others against unreasonable risks

20  (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection

21  between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss

22  (damages).'"  Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158

23  Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

24    Plaintiff alleges compliance with the Government Claims Act, which is a prerequisite to

25  filing suit and which must be specifically alleged, Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201,

26  208-09 (Cal. 2007), but Plaintiff fails to allege adequate facts to support a claim for negligence

27  against Defendant Lozano, Corales, 567 F.3d at 572.  Plaintiff alleges that inmate Wolfbrandt

28  threatened to harm to someone if he was not removed from the yard, Defendant Lozano took no

3

action in response to the threat, and Plaintiff was subsequently attacked.  However, there are no other supporting facts and the context of the attack on Plaintiff is left entirely unclear.  The mere possibility that Defendant Lozano was negligent is not sufficient.  Plaintiff's allegations must show that Defendant breached his duty to Plaintiff and Plaintiff was injured as a result of that breach.  Corales, 567 F.3d at 572.

### 3.    Medical Care

Plaintiff alleges deliberate indifference to his medical needs, in violation of the Eighth Amendment of the United States Constitution.  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law, Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), but negligent medical care does not support a claim for relief under section 1983, Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977)).  For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs, Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122; Jett, 439 F.3d at 1096, and Plaintiff's conclusory allegations are insufficient to demonstrate that prison officials knowingly disregarded a substantial risk of harm to his health, Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994).

### 4.    Defendants CDCR, PVSP, and Brazelton

The California Department of Corrections and Rehabilitation (CDCR) and PVSP are named as defendants in the complaint, although neither entity was served nor made a voluntary appearance.  Plaintiff may not sue CDCR or PVSP in federal court and they are dismissed from this action, with prejudice.  Cal. Govt. Code § 844.6(a)(2) (West 2013); Wolfson v. Brammer, 616 F.3d 1045, 1065-

66 (9th Cir. 2010); Corales v. Bennett, 567 F.3d 554, 573 (9th Cir. 2009); Demshki v. Monteith, 255 F.3d 986, 989 (9th Cir. 2001).

Finally, although Defendant Brazelton was served and appeared in this action, he is neither named as a defendant nor are there any allegations against him in the complaint. Accordingly, no claim is stated against Defendant Brazelton.

**III.   Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*. Iqbal, 556 U.S. at 676-77; Snow, 681 F.3d at 989; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey   v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's Title 15 claim and Defendants CDCR and PVSP are dismissed, with prejudice, for failure to state a claim;

2.      Plaintiff's negligence and medical care claims are dismissed, with leave to amend, for failure to state a claim;

3.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** ___**March 12, 2013**___                    _____/s/ **Sheila K. Oberto**_____
                                                                         UNITED STATES MAGISTRATE JUDGE

6