1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SUKNAICH, | Case No. 1:12-cv-01414-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983, AND DIRECTING CLERK OF COURT ENTER JUDGMENT |
| v. | |
| C. LOZANO, et al., | |
| Defendants. | (Doc. 16) |
| _____/ | |

### Second Screening Order

**I.      Screening Requirement and Standard**

Plaintiff James Suknaich ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.  Defendants Lozano and Brazleton removed this action from Fresno County Superior Court on August 27, 2012.  28 U.S.C. § 1441(b).  On March 13, 2013, the Court dismissed Plaintiff's claims for violation of California Code of Regulations, Title 15, and Defendants California Department of Corrections and Rehabilitation ("CDCR") and Pleasant Valley State Prison ("PVSP"), with prejudice, for failure to state a claim; and the Court dismissed Plaintiff's negligence and Eighth Amendment medical care claims, with leave to amend.  After obtaining two extensions of time, Plaintiff filed an amended complaint on December 6, 2013.

1    The Court is required to screen complaints brought by prisoners seeking relief against a

2 governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

3 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

4 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

5 seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),

6 (2).

7    A complaint must contain "a short and plain statement of the claim showing that the

8 pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

9 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

10 conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

11 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

12 courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

13 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual

14 allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

15    Under section 1983, Plaintiff must demonstrate that each defendant personally participated

16 in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This

17 requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*,

18 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners

19 proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and

20 to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

21 (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the

22 plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1  **II.    Discussion**

2       **A.    Summary of Amended Complaint**

3       In his amended complaint, Plaintiff names former Warden James Yates,[1] Sergeant Reed,

4  Correctional Officer Lozano, Head Nurse Dobbins, Chief Medical Officer Doe, Captain Doe, and

5  additional Does 1 through 10 as defendants.   Plaintiff alleges his rights under the Eighth

6  Amendment of the United States Constitution were violated while he was incarcerated at PVSP in

7  Coalinga, California.   Plaintiff's claims arise out of an incident on January 27, 2010, in which

8  inmate Wolfbrandt attempted to murder him by slashing his throat.  (Amend. Comp., pp. 10, 19.)

9  Although Plaintiff neglected to specify what relief he seeks, he is limited to monetary damages

10  given that his claims arise from a past event in a prison at which he is no longer incarcerated.  18

11  U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142,

12  1149 (2009); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012).

13       **B.    Eighth Amendment Claims**

14            **1.    Standard**

15       Under section 1983, Plaintiff must link the named defendants to the participation in the

16  violation at issue.  *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011,

17  1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*,

18  297 F.3d at 934.  Liability may not be imposed on supervisory personnel under the theory of

19  *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d

20  at 1235; *Jones*, 297 F.3d at 934, and administrators or supervisors, such as Defendants Yates,

21  Dobbins, and Chief Medical Officer Doe, may only be held liable if they "participated in or

22  directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*,

23  880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir.

24  2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009);

25  *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007);

26  *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must

27  be attributable to each defendant for liability to lie.  *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267

28

---

[1] Warden Brazleton is omitted, apparently having been substituted with Warden Yates.

1    F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th

2    Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

3        The Eighth Amendment's prohibition against cruel and unusual punishment protects

4    prisoners not only from inhumane methods of punishment but also from inhumane conditions of

5    confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v.*

6    *Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347,

7    101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and

8    often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of

9    pain.  *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).

10       Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

11   clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th

12   Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

13   while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks

14   omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to

15   a substantial risk of harm to their health or safety.  *E.g.*, *Farmer*, 511 U.S. at 847; *Thomas v.*

16   *Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th

17   Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124,

18   1128 (9th Cir. 1998).

19              **2.**    **Claims Arising from Attack**

20                   **a.**    **Summary of Allegations**

21       In his amended complaint, Plaintiff alleges that on January 27, 2010, he was sitting in his

22   wheelchair in the evening pill line, his caregiver next to him.  Defendant Reed was standing fewer

23   than ten feet away when inmate Wolfbrandt got out of his wheelchair, approached Plaintiff from

24   behind, and slashed Plaintiff's throat from side to side within one second.  Plaintiff alleges that

25   Defendant "Reed was looking on and seemed confused and unresponsive till [Plaintiff] started to

26   stand up and [yell]. . . ."  (Amend. Comp., p.10.)  Plaintiff alleges that Defendant Reed was in

27   charge of the pill line that night, and it took several minutes before inmate Wolfbrandt was

28   apprehended, despite the incident being witnessed by Defendant Reed.

1    Plaintiff also alleges that the pill line is an inherently dangerous setting, as up to three-
2    hundred men stand in line in a small area for up to one-hundred twenty minutes to get their
3    medication.  Inmates punch, shove, spit, cut in line, and deal drugs; some men are territorial over
4    their place in line; and many threats are made by inmates in line.

5    Finally, Plaintiff alleges that inmate Wolfbrandt warned Defendant Lozano that he was
6    going to cut someone if he did not get moved off the yard, but Defendant failed to take action
7    based on the comment.  Plaintiff alleges that when inmate Wolfbrandt came to the yard, his
8    behavior was problematic and he was placed on single cell status.  Inmate Wolfbrandt had been in
9    prison for more than twenty years, and he spoke of attacking others throughout the years and of
10   the thrill he got from killing others.

11                      **b.    Findings**

12   Plaintiff's allegations do not support a claim against Defendant Reed for violation of the
13   Eighth Amendment.  Deliberate indifference is shown where a prison official "knows that inmates
14   face a substantial risk of serious harm and disregards that risk by failing to take reasonable
15   measures to abate it."  *Farmer*, 511 U.S. at 847.  "A prison official's duty under the Eighth
16   Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison
17   officials' unenviable task of keeping dangerous men in safe custody under humane conditions."
18   *Id.* at 844-45 (internal quotation marks and citations omitted).  Thus, "prison officials who actually
19   knew of a substantial risk to inmate health or safety may be found free from liability if they
20   responded reasonably to the risk, even if harm ultimately was not averted."  *Id.* at 844.

21   Plaintiff's allegations establish that he was attacked from behind and the attack was over
22   quickly.  There are no facts pled which support a claim that Defendant Reed knew inmate
23   Wolfbrandt presented a substantial risk of harm to Plaintiff's safety, pre-attack, and failed to take
24   reasonable measures to abate the risk.  As a result, Plaintiff's allegations do not support a claim
25   against Defendant Reed under section 1983.

26   Plaintiff's allegations regarding the pill line likewise do not support a claim.
27   Notwithstanding the facts that Plaintiff may not sue CDCR or PVSP and that he has not linked any
28   individuals to the pill line conditions, his allegations do not demonstrate that the pill line itself

1    created a risk of harm to inmate safety so substantial that the condition was an Eighth Amendment

2    violation.

3          Finally, Plaintiff's allegations against Defendant Lozano fail to support a claim that

4    Defendant Lozano acted with deliberate indifference toward Plaintiff's safety.  Inmate Wolfbrandt

5    was on single cell status and assuming he told Defendant Lozano he would cut someone if not

6    removed from the yard, this threat falls short of demonstrating (1) the existence of a substantial

7    risk of harm either to Plaintiff's safety or to the safety of all inmates on the yard (2) which was

8    knowingly disregarded by Defendant Lozano.  *Farmer*, 511 U.S. at 835.

9          The attack on Plaintiff was unquestionably horrific and the Court sympathizes with

10   Plaintiff.  However, the Constitution offers redress only if prison officials were deliberately

11   indifferent to Plaintiff's safety, and here, there is no indication they were, given the sudden

12   surprise attack on Plaintiff by inmate Wolfbrandt.  (Amend. Comp., p. 10, 19.)

13                  **3.    Medical Care Claim**

14         Plaintiff also alleges that it took several minutes for medical assistance to arrive and the

15   nurses seemed perplexed.  Plaintiff was feeling lightheaded, was "drifting," and was bleeding

16   profusely.  (Amend. Comp., p.10.)  Plaintiff was taken to the Central Triage Center ("CTC"),

17   where he waited for an ambulance to take him to the hospital forty-five minutes away because he

18   was too heavy to be airlifted.  Plaintiff alleges "it seem[ed] that even as [his] life was in danger,

19   staff was making erroneous, inflammatory comments and acted with deliberate indifference

20   pertaining to the care that [he] received."  (Amend. Comp., p. 10.)

21         No individual staff members are linked to Plaintiff's medical care claim, but

22   notwithstanding that deficiency, Plaintiff's allegations do not support a claim that medical staff

23   members acted with deliberate indifference to his medical care.  *Wilhelm v. Rotman*, 680 F.3d

24   1113, 1122 (9th Cir. 2012).  Following the attack, Plaintiff was taken to the CTC, where he waited

25   for an ambulance to take him to an outside hospital.  In terms of needing an ambulance ride to a

26   hospital and having to wait for the ambulance to arrive, these events unfolded exactly as they

27   would have had Plaintiff been attacked as a free citizen who was not in prison.  Further, even if

28   staff made comments which were callous, verbal harassment does not violate the Eighth

1  Amendment, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and the amended

2  complaint is devoid of any facts which suggest staff acted with knowing disregard toward a

3  serious risk of harm to Plaintiff's medical needs, *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir.

4  2012) (citation and quotation marks omitted), *overruled in part on other grounds*, *Peralta v.*

5  *Dillard*, __ F.3d __, __, No. 09-55907, 2014 WL 878830, at *3 (9th Cir. Mar. 6, 2014); *Wilhelm*,

6  680 F.3d at 1122.

7  **III.    Conclusion and Order**

8         Plaintiff's amended complaint fails to state any claims upon which relief may be granted

9  under section 1983.[2]   Plaintiff was previously provided with notice of the deficiencies in his

10  Eighth Amendment claims and the applicable legal standard, and based on the nature of the

11  deficiencies at issue, the Court finds that a second opportunity to amend is not warranted.  *Akhtar*

12  *v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

13  2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

14         Accordingly, based on the foregoing, this action is HEREBY DISMISSED, with prejudice,

15  for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment in

16  favor of Defendants.

17

18

19  IT IS SO ORDERED.

20      Dated:   **April 2, 2014**                          **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27  [2] Plaintiff's amended complaint does not set forth any facts suggesting he is pursuing negligence claims under California law, but in the event he is, his allegations also fall short of supporting a claim for negligence. Cal. Gov't

28  Code § 844.6(d); *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (citing *McGarry v. Sax*, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008)).